## UNAUTHORIZED PURCHASE OF A BOWLING ALLEY.

Circuit Court of Summit County.

THE AKRON BREWING COMPANY v. THE BRUNSWICK-BALKE-COLLENDER COMPANY.

Decided, January, 1909.

*Implied Authority of Agent of Brewing Company.*

There is no implied authority in the manager of a brewing company to order a bowling alley installed in connection with a saloon.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

The action below was brought by the defendant in error on an account to recover the price of a bowling alley installed in connection with the saloon of one Eliza Lee upon the order of William Fuchs, manager of the plaintiff in error. The main issue was upon the agent's authority. The evidence discloses no express authority to make this purchase; nor, in view of the provisions of Section 7000, Revised Statutes, prohibiting bowling alleys in connection with saloons, is such authority to be inferred. There was no express ratification, nor, since the plaintiff in error did not itself get and has not used the bowling alley, is any implied.

The judgment below, not being sustained by sufficient evidence, is reversed and the cause remanded.